■ EILEEN O'HARA, Respondent, v BAYLINER et al., Appellants, et al., Defendants. [638 NYS2d 311] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 3, 1995, affirmed for the reasons stated by Goodman, J., with costs. Concur—Murphy, P. J., Kupferman, Ross and Williams, JJ.

Wallach, J., concurs in part and dissents in part in a memorandum as follows: In this action stemming from a personal injury suffered in 1990, Bayliner (manufacturer of the boat) was timely served with process in August 1993, but that original action was dismissed for failure to file proof of service of

the summons and complaint in a timely fashion (CPLR 306-b). A new action was commenced in 1994 against Perko (manufacturer of the cleat) as well as Bayliner. Both sets of defendants moved to dismiss on grounds of Statute of Limitations. Both motions were denied on the ground that New York's three-year Statute of Limitations on tort claims (CPLR 214) was tolled for plaintiff's infancy (CPLR 208).

I believe the IAS Court erred in failing to recognize that this action is governed by Federal maritime law, since the injury complained of occurred on navigable waters (regardless how shallow), and bore a substantial relationship to traditional maritime activity by posing even a potential for interference with maritime commerce (*Sisson v Ruby*, 497 US 358; *Foremost Ins. Co. v Richardson*, 457 US 668; *Matter of Paradise Holdings*, 795 F2d 756, *cert denied sub nom. Stone v Paradise Holdings,* 479 US 1008; *Matter of Bird*, 794 F Supp 575). Under Federal maritime law, the three-year Statute of Limitations (46 USC, Appendix § 763a) is tolled where the defendant has actual notice of the pendency of the claim, as long as service is effected within a reasonable time thereafter (*Maxwell v Swain*, 833 F2d 1177). Inasmuch as Bayliner had notice of the claim within the three-year period, dismissal of that earlier action on purely procedural grounds should not result in plaintiff's action being time-barred. The Statute of Limitations was thus tolled, but not for the reasons stated by the IAS Court and now adopted by the majority.

The result may be the same with regard to Bayliner, but the distinction becomes crucial with regard to the Perko defendants. Because maritime law controls, the State infancy toll is not available to salvage the case against the cleat manufacturer, who first received notice of these claims in 1994, well beyond the applicable three-year period of limitations. Thus, Perko's motion to dismiss should have been granted.